IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAURICE EDWARD LAVOIE, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-2179 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his conviction and fifteen year sentence for sexual assault of a child. Respondent filed a motion for summary judgment (Docket Entry No. 17), to which petitioner filed a response (Docket Entry No. 20).

Having reviewed the motion, the response, the record, the pleadings, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this case for the reasons that follow.

*Background and Claims*

Petitioner was convicted of sexual assault of a child in Madison County, Texas, and sentenced to fifteen years' incarceration in 2012. The conviction was affirmed on appeal. *Lavoie v. State*, No. 11-12-00296-CR (Tex. App.—Eastland 2014, pet. ref'd). The Texas Court of Criminal Appeals refused discretionary review and denied petitioner's application for state habeas relief in October 2015.

Petitioner's four enumerated grounds for habeas relief as set forth in his petition are generalized and multifarious, containing numerous sub-claims and arguments. In liberally construing his petition, the Court has made a reasonable attempt to ascertain his arguments, and finds that the following is a fair summation of his primary claims:

(1) The indictment was void because it was brought at the prosecutor's demand and was based upon false information that did not comport with the evidence.

(2) Voir dire was unconstitutionally limited and resulted in a biased jury because

   (a) venire member Risinger was related to a prosecutor and should have been excluded for cause;

   (b) venire member Lowery knew and disliked petitioner and should have been excluded for cause;

   (c) venire member Mosely knew petitioner but did not disclose this information; and

   (d) petitioner's jurors were all white and all female.

(3) Evidence was obtained through an unconstitutional search in violation of petitioner's Fourth Amendment rights.

(4) Petitioner's conviction was a "miscarriage of justice" and a "seditious conspiracy."

Respondent argues that these claims are procedurally barred, without merit, and/or raise no cognizable federal habeas claim and should be dismissed.

***Factual Background***

The intermediate state court of appeals set forth the following statement of facts in its opinion affirming petitioner's conviction.

> W.H. testified that, when she was seven years old, her father was sent to prison for sexually abusing her; her mother also was sent to prison for witnessing the abuse and failing to act. W.H. then moved in with [petitioner] and his family in Bedias, Texas.

> Two weeks after being placed in [petitioner's] home, Child Protective Services (CPS) moved W.H. to a foster home in Austin. W.H. stayed in Austin for less than a year before she was returned to [petitioner's] home.
>
> Shortly after W.H. returned, [petitioner] reached for her hand and asked: "[I]f you can do stuff with your real dad, why not me?" [Petitioner] then made W.H. "rub" his penis outside of his clothes. W.H. was eight years old at the time.
>
> When she was nine or ten years old, [petitioner] forced W.H. to perform oral sex on him. [Petitioner] forced W.H. to give him "hand jobs," and he began touching her vagina and chest over and under her clothes. Before W.H. was allowed to go to a friend's house or leave for a school activity, [petitioner] made W.H. give him a "hand job" or a "blow job."
>
> CPS removed W.H. from [petitioner's] home once more when she was fourteen years old. Nine months later, W.H. moved back into [petitioner's] home, which was then located in Madisonville.
>
> A couple of days after W.H. returned, [petitioner] began making her give him "hand jobs" and blow jobs," and the sexual activity shortly progressed to sexual intercourse. W.H. noted that, over the course of the next several months, the sexual intercourse occurred "sometimes every other day, sometimes every three days." W.H. recalled a specific incident that occurred on April 24, 2009, during which [petitioner] came home from work angry and forced her to have sexual intercourse with him.

*Lavoie*, *2–3.

## *The Applicable Legal Standards*

*Habeas Review*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000);

3

28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id*. at 411. "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

*Id.*, at 102–03 (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343

(2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

*Summary Judgment*

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### *Void Indictment*

Petitioner contends that the indictment was void because it was brought at the prosecutor's demand and based upon false information.

The sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the state indictment was so defective that it deprived the state court of jurisdiction. *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994). Where the state court has found an indictment sufficient to confer jurisdiction under state law, a federal court need not re-address the issue. *Id*. at 68–69.

Petitioner did not challenge the sufficiency of the indictment on direct appeal, but did raise challenges to the indictment on state habeas review. In denying habeas relief, the Texas Court of Criminal Appeals necessarily and impliedly determined that the indictment did not deprive the trial court of jurisdiction. Consequently, no cognizable claim for federal habeas relief is raised, and respondent is entitled to summary judgment dismissal of this claim.

### *Voir Dire*

Petitioner asserts multiple claims for denial of his constitutional rights regarding voir dire. Specifically, he argues that his unconstitutionally limited voir dire resulted in a biased jury because (1) venire member Risinger, who was related to a prosecutor, should have been excluded for cause; (2) venire member Lowery, who knew petitioner and did not like him, should have been excluded for cause; (3) venire member Mosely knew petitioner but did not disclose this information; and (4) his was an all-white, all-female jury, creating "gender bias" and "jury nullification."

As an initial consideration, the Court notes that petitioner's underlying claim of an unconstitutionally limited voir dire is conclusory. Petitioner presents no factual or legal support for his contention, and the Court finds none in the record. The claim is unestablished and warrants no relief. Nevertheless, the Court will address petitioner's secondary claims regarding the venire members and the resulting jury.

Nothing in the record supports petitioner's bald assertion that venire member Risinger was related to a prosecutor. The venire members were asked if they knew the prosecutors, and the record does not reflect any positive responses. 3 R.R. 25. Although venire member Risinger later asked to approach the judge, her discussion with the judge was on the record and concerned an issue regarding prior family arrests. Ultimately, she told the court that the prior episode would not influence her for either the State or the defense. *Id*. at 160. No constitutional violation is shown.

Petitioner next argues that venire member Lowery knew him and did not like him. Venire member Lowery informed the court that she was familiar with petitioner, as he was a customer at Lowery's lumber yard. She stated on the record that it would not make her "lean one way or the other." *Id*. at 145–46. Petitioner's allegation that Lowery did not like him and was biased against him is conclusory and unsupported in the record. No constitutional violation is shown.

Petitioner also claims that venire member Mosely knew him but did not disclose the information during voir dire. Nothing in the record supports petitioner's bald assertion that venire member Mosely knew him, or that she was biased against him. No constitutional violation is shown.

Petitioner contends that he was found guilty by an all-white, all-female jury, which he claims created unconstitutional "gender bias."[1] In support, he argues that "women stick together" because "We are Women Hear Us Roar," which caused jury nullification. (Docket Entry No. 20, p. 5.) Construed liberally, petitioner's claim posits that the women jurors banded together to protect a young female against sexual abuse and ignored the law and evidence.

---

[1] Petitioner raises no challenge to the racial aspects of his purportedly "all white" jury. The Court notes that public prison records indicate petitioner's race as "white."

There is no support in the record for petitioner's specious claim that he was found guilty based on "gender bias." That is, petitioner presents no probative summary judgment evidence that he was found guilty solely because the jurors were all female and the complainant was a young female. To the contrary, his arguments are gross generalizations and stereotypes that have long fallen from favor within the judicial system. *See J.E.B. v. Alabama*, 511 U.S. 127, 138–40 (1994) (noting the dangers of "archaic and overbroad" generalizations about gender and rejecting argument that gender alone is an accurate predictor of jurors' attitudes). In similar fashion, petitioner's claim of jury nullification—that the women jurors reached a verdict on a basis other than the facts and the law – is conclusory and unsupported by any evidence in the record.

To the extent petitioner is attempting to raise an issue under *Duren v. Missouri*, 439 U.S. 357, 364 (1979), he fails to support his claim with competent evidence. To establish a prima facie violation of the fair-cross-section requirement under *Duren*, a defendant must prove that: (1) a group qualifying as "distinctive" (2) is not fairly and reasonably represented in venire members, and (3) "systematic exclusion" in the jury-selection process accounts for the under-representation. Petitioner's conclusory assertions establish none of these requirements.

The state court on collateral review rejected petitioner's claims and denied habeas relief. Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of these claims.

### Fourth Amendment Claim

Petitioner alleges that evidence was obtained through an unconstitutional search and seizure in violation of his Fourth Amendment rights. His claim is barred at this juncture by *Stone v. Powell*, 428 U.S. 465, 494 (1976).

In *Stone*, the United States Supreme Court held that, ""[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494. The "opportunity" for full and litigation of the issue means "an opportunity . . . whether or not the defendant employs those processes." *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978); *see also Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002).

Petitioner had the opportunity to litigate his Fourth Amendment issues in state court, and his claim is barred from federal habeas review by this Court. Respondent is entitled to dismissal of this claim.

### Miscarriage of Justice

Petitioner argues that his conviction is a "miscarriage of justice" and the result of a "seditious conspiracy." His arguments warrant no habeas relief.

A "seditious conspiracy" is a federal crime against the United States, 18 U.S.C. § 2384, and is not a cognizable ground for relief under section 2254. To the extent petitioner claims that his prosecution and jury conviction were the result of a conspiracy among the witnesses, the complainant, and the State, his allegations are conclusory and unsupported by any competent evidence in the record.

Nor is "miscarriage of justice" a cognizable basis for federal habeas relief. Rather, it is an operative factor against application of a procedural default or bar. A habeas petitioner can overcome a procedural default or bar by showing cause and actual prejudice for the default. To show cause, a petitioner must prove that an external impediment (one that cannot be attributed to him) existed to prevent his raising and discussing the claims as grounds for relief in state court. *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). To establish prejudice, a petitioner must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542 (5th Cir. 2003). Even if a petitioner fails to establish cause for his default and prejudice from its application, he may still overcome a procedural default or bar by showing that application of the bar would result in a fundamental miscarriage of justice. To show that a miscarriage of justice would occur, a petitioner must prove that, "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). Further, he must support his allegations with new, reliable evidence that was not presented at trial, and show that it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id*.

Petitioner does not argue that any of his federal claims are procedurally defaulted or barred, and his "free standing" claim of a miscarriage of justice provides no basis for habeas relief.[2] Even assuming one or more of his claims were procedurally defaulted and are now procedurally barred, petitioner neither alleges cause and prejudice nor does he present any new, probative evidence. To

---

[2] The Court agrees with respondent's argument that many of these ancillary claims were procedurally defaulted. Nevertheless, the claims will be denied as they are conclusory and without factual or legal support in the record or competent evidence.

the contrary, petitioner repeats the unsuccessful arguments he raised in state court, which is insufficient to meet his burden of proof under the limited scope of review provided by AEDPA.

In setting forth the alleged facts supporting this fourth ground for habeas relief, petitioner states the following in his habeas petition:

> Fact 1) no evidence to support accusation, 2) unconstitutional indictment, 3) and search warrant, 4) no secured crime scene, 5) all dates on documents altered 37.9, 1001 A. 1, 2, 3 [*sic*], 6) abuse of judicial discreation [*sic*], 7) no allocution, 8) denial of 1st amend freedom of speech (denied), 9) eyewitness put in motion in limine, 10) withholding and concealing exculpatory evidence from grand jury, jury, defense, 11) defiance of addendum #9 discovery order, 12) denial of due process, etc. [*sic*].

(Docket Entry No. 1, p. 7.) These are conclusory arguments, not factual allegations. Petitioner's subsequent pleadings provide no clarification or factual basis for his arguments, and his conclusory claims are unsupported in the record or by competent evidence.

Petitioner lists numerous other generalized and multifarious sub-claims, including fraudulent and/or inconsistent witness testimony, denial of a speedy trial, a mentally-unstable complainant, inclusion and/or exclusion of certain expert testimony, unfavorable pretrial orders in limine, DNA testing results, prosecutorial misconduct and "running amock [*sic*]," withholding exculpatory evidence, misrepresenting evidence of prior bad acts, judicial misconduct, as well as "all surrounding issues, rules, laws, procedures, statutes, constitution, bill of rights, fraudulent documents, utterings, deceitfulness, hiding, concealing, withholding, lieing [*sic*], deception, implying obstruction of justice, actual innocence." (Docket Entry No. 20, p. 7.) Petitioner does little more than list these arguments without referencing support in the record, applicable legal authority, or competent summary judgment evidence.

It is not the role of a federal habeas court to peruse the state court record on a petitioner's behalf to ferret out possible support for his arguments, or to fashion new or better arguments from old or inadequate ones. *See Jones v. Alfred*, 353 F. App'x 949, 950 (5th Cir. 2009). Nevertheless, in the interest of justice, the Court has reviewed the state court record in its entirety and finds no support for petitioner's numerous arguments. Moreover, to the extent petitioner claims there was no evidence to support his conviction, this Court finds the evidence adequate under *Jackson v. Virginia*, 443 U.S. 307, 320–324 (1979) (holding that evidence is sufficient to support a conviction if a rational trier of fact could have found proof of guilt beyond a reasonable doubt). Insofar as petitioner asserts actual innocence, it is well settled in the Fifth Circuit that such a claim is not cognizable on federal habeas review. *See Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000).

The state court on collateral review rejected petitioner's claims and denied habeas relief. Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of these claims.

### *Conclusion*

The motion for summary judgment (Docket Entry No. 17) is GRANTED and this habeas lawsuit is DISMISSED WITH PREJUDICE. Any and all other pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Signed at Houston, Texas on April 12, 2017.

Gray H. Miller
United States District Judge